UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marshall Dewitt McGaha, # 928,<br>*a/k/a Marshall D. McGaha, Jr.*<br><br>                    Plaintiff,<br><br>vs.<br><br>Tracy Krein; Wilda Sorrow; Dentiest Stroud; L.M.<br>Combs, #8792; Cpt. Stouers, #3383; Medical / Med<br>Tech's,<br><br>                    Defendants.<br>_____ | C/A No. 6:10-2789-JMC-KFM<br><br>**REPORT AND RECOMMENDATION**<br>*for dismissal of Krein, Sorrow,<br>Combs, Stours, and<br>Medical / Med Tech's* |

## Background

A pre-trial detainee in the Greenville County Detention Center, Marshall McGaha ("Plaintiff"), brings this civil action *pro se* pursuant to 42 U.S.C. § 1983 seeking money damages for his pain and suffering. Plaintiff alleges that he saw the dentist, Defendant Stroud, at the Greenville County Detention Center ("GCDC") in September of 2010. Defendant Stroud allegedly broke Plaintiff's tooth and left part of the tooth in Plaintiff's gum. Plaintiff's tooth began to cause him pain and became infected. Plaintiff returned to Defendant Stroud to request that he extract the remaining part of Plaintiff's tooth, but allegedly Defendant Stroud refused to assist Plaintiff, told Plaintiff that nothing was wrong, laughed at Plaintiff, and told Plaintiff to sue him. Plaintiff alleges that he was in severe pain for four weeks and that he was forced to "file down comb to dig out broken tooth" and that he kept the pieces of the broken tooth which he extracted by himself. Plaintiff alleges that medical placed him on antibiotics because the broken tooth/gum became infected. Plaintiff alleges that he sent various grievance requests to Defendants Stouers, Sorrow, Combs, and the Medical Department / Med Tech's requesting that an oral surgeon extract his broken tooth. Plaintiff alleges that he is suing the Defendants Stouers, Sorrow, Combs, and the Medical

Department / Med Tech's "because of the 502 grievance procedures I sent to them about need to have oral surgery on broken tooth Dentist / Stroud left in my gum. Medical Staff would not give me dentist 'name' or the C/O's that I sent grievances to. I could not get standard grievance form. The officers only give 502 forms for this purpose." Plaintiff alleges that at the GCDC "most of the time grievance will not make it to the person whom suppose to receive them," that officers "intercept" the grievances before they arrive to the appropriate officer, and that the "Federal need to look into the problems inmates have here." Plaintiff states that a Lt. Leonard signed each of the three grievance forms Plaintiff had sent to Defendant Stouers. Plaintiff is suing Defendant Krein because Krein is the medical staff supervisor.

### Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are

accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Defendant Tracy Krein should be dismissed from this action because Plaintiff alleges no facts against Krein that would show Krein's personal involvement with the treatment Plaintiff received in the medical department at the GCDC. Krein is alleged to be the medical staff supervisor at the GCDC, so it appears that Krein is being sued because he may have supervised, managed, or somehow is allegedly responsible for Defendant Stroud's alleged misconduct. However, the doctrines of vicarious liability and respondeat superior are not generally applicable in § 1983 actions. *See Baker v. Lyles*, 904 F.2d 925, 929 (4th Cir. 1990); *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977). Liability cannot be imposed on Defendant Krein where he is not alleged to have been personally involved in the deprivation of Plaintiff's rights.

Additionally, Plaintiff alleges that he sent grievances to Defendants Stouers, Sorrow, Combs, and the Medical Department / Med Tech's regarding his broken tooth and his request for oral surgery. Specifically, Plaintiff alleges that those Defendants "are liable because of the 502 grievance procedures I sent to them about need to have oral surgery on broken tooth Dentist / Stroud left in my gum." Plaintiff appears to sue Defendants Stouers, Sorrow, Combs, and the Medical Department / Med Tech's because they did not respond to his grievance requests, and Plaintiff is upset that the GCDC grievance process did not bring results. For example, Plaintiff alleges that a Lt. Leonard signed for the three grievance

requests sent to Defendant Stouers. Plaintiff alleges that at the GCDC "most of the time grievance will not make it to the person whom suppose to receive them," that officers "intercept" the grievances before they arrive to the appropriate officer, and that the "Federal need to look into the problems inmates have here." Notably, Plaintiff does not seem to allege that Defendants Stouers, Sorrow, Combs, and the Medical Department / Med Tech's were deliberately indifferent to his serious medical need; instead, Plaintiff is unhappy that those Defendants did not receive his grievances or that they were not responsive. Because the crux of Plaintiff's grievance claim is that the GCDC process is flawed, Plaintiff's allegations fail to state a cognizable claim because there is no constitutional right to participate in a prison grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Sweat v. Harell*, C/A No. 9:09-2040-HFF-BM, 2009 WL 3334451, *3 (D.S.C. Oct. 15, 2009). Accordingly, Defendants Stouers, Sorrow, Combs, and the Medical Department / Med Tech's should be dismissed from this action because Plaintiff failed to state a claim against them on which relief may be granted.

## Recommendation

It is recommended that the District Court dismiss Defendants Stouers, Sorrow, Combs, Medical Department / Med Tech's, and Krein from this action *without prejudice* and without issuance and service of process based upon Plaintiff's failure to state a claim on which relief may be granted as to each of them. This action will continue as to Defendant Stroud.[1] Plaintiff's attention is directed to the important notice on the next page.

November 10, 2010                                    s/Kevin F. McDonald
Greenville, South Carolina                           United States Magistrate Judge

---

[1] In an Order entered contemporaneously with this Report and Recommendation, this Court authorized service of process upon Defendant Stroud.

4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).