IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marshall Dewitt McGaha a/k/a Marshall D. McGaha, Jr., | ) Civil Action No. 6:10-cv-2789-RMG-KFM ) ) |
| Plaintiff, | ) ) **ORDER** |
| vs. | ) ) |
| Tracy Krein, et. al., | ) ) |
| Defendants. | ) ) |

Plaintiff brought this *pro se* action pursuant to 42 U.S.C. § 1983 for pain and suffering arising out of his alleged insufficient medical care. This case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) D.S.C. The Magistrate Judge recommended dismissing Plaintiff's claims against certain Defendants without prejudice for failure to state a claim. (Dkt. No. 10). Plaintiff objected to the R&R. (Dkt. No. 14). As shown herein, this Court has reviewed the Record *de novo* and Plaintiff's objections and agrees with the Magistrate Judge's report.

**Discussion**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This

1

Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Defendant Tracy Krein should be dismissed from this action because Plaintiff alleges no facts against Krein that would show Krein's personal involvement with the treatment Plaintiff received in the medical department at the GCDC. Liability cannot be imposed on Defendant Krein where he is not alleged to have been personally involved in the deprivation of Plaintiff's rights.

Additionally, Plaintiff alleges that he sent grievances to Defendants Stouers, Sorrow, Combs, and the Medical Department / Med Tech's regarding his broken tooth and his request for oral surgery. Specifically, Plaintiff alleges that those Defendants "are liable because of the 502 grievance procedures I sent to them about need to have oral surgery on broken tooth Dentist / Stroud left in my gum." Plaintiff appears to sue Defendants Stouers, Sorrow, Combs, and the Medical Department / Med Tech's because they did not respond to his grievance requests, and Plaintiff is upset that the GCDC grievance process did not bring results. However, Plaintiff does not seem to allege that Defendants Stouers, Sorrow, Combs, and the Medical Department / Med Tech's were deliberately indifferent to his serious medical need; instead, Plaintiff is unhappy that those Defendants did not receive his grievances or that they were not responsive. Because the crux of Plaintiff's grievance claim is that the GCDC process is flawed, Plaintiff's allegations fail to state a cognizable claim because there is no constitutional right to participate in a prison grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Sweat v. Harell*, C/A No. 9:09-2040-HFF-BM, 2009 WL 3334451, *3 (D.S.C. Oct. 15, 2009).

## Conclusion

Accordingly, Stouers, Sorrow, Combs, Medical Department / Med Tech's, and Krein are dismissed without prejudice and without issuance of process due to Plaintiff's failure to state a claim against them.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 9, 2011
Charleston, South Carolina