IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Marshall Dewitt McGaha, ) | |
| ) | Civil Action No. 6:10-2789 |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Tracy Krein, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion for summary judgment of defendant Stark (doc. 41), the only remaining defendant in this action[1], and the plaintiff's "motion to present evidence" (doc. 52). The plaintiff, a detainee at the Greenville County Detention Center ("GCDC") who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated. Specifically, he seeks money damages for alleged deliberate indifference to his serious medical needs.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

Defendant Stark filed a motion for summary judgment on March 9, 2011. By order filed on that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition to the defendants' motion for summary judgment on March 24,

---

[1]The other defendants were summarily dismissed without issuance of process by the Honorable Richard M. Gergel, United States District Judge, on March 9, 2011.

2011. Also on March 24th, the plaintiff filed a "motion to present evidence" and attached certain documents and other evidence that he asked the court to consider "sufficient to require a trial" (pl. m. to present evidence at 2).

## **FACTS PRESENTED**

The plaintiff is a detainee at the GCDC being held because of his arrest on August 15, 2010, for criminal sexual conduct with a minor under the age of 11-years, lewd act committed on a minor under the age of 16-years, and child neglect by a legal custodian (def. m.s.j., ex. A1). On September 3, 2010, the plaintiff submitted an Inmate Request Form asking GCDC to address a toothache that he had developed (*id.*, ex. A2). GCDC personnel placed the plaintiff on the dental treatment list and initiated the pre-dental protocol of offering the plaintiff a course of ibuprofen prior to his visit with the dentist (*id.*). However, despite his complaint of pain, the plaintiff was a "no show" at medicine call each day prior to his appointment with the dentist (*id.*, ex. A3).

On September 8, 2010, defendant Stark, a dentist working under contract with Greenville County, extracted the plaintiff's tooth (*id.*, ex. A4). Defendant Stark also prescribed a course of ibuprofen for the plaintiff for post-extraction pain and inflammation (*id.*).

On September 14, 2010, the plaintiff submitted another request form, complaining that he was experiencing pain from the tooth extraction and claiming that defendant Stark had "left a large piece of tooth in [his] gum" (*id.*, ex. A5). GCDC personnel responded by prescribing an additional seven-day course of ibuprofen and a seven day course of an antibiotic (*id.*). In addition, GCDC personnel placed the plaintiff back on the dental list (*id.*).

The plaintiff filed another dental request on September 17, 2010, complaining again that defendant Stark had left a piece of tooth in his gum and requesting an immediate appointment because of the pain and his fear of infection (*id.*, ex. A6). GCDC personnel

responded by noting that he was on the dental list to be seen by the dentist (*id.*). The plaintiff filed a grievance on September 18, 2010, complaining that he needed to see a doctor (*id.*, ex. A7). The GCDC responded by noting that the plaintiff was on the dental list (*id.*).

GCDC medical personnel checked the plaintiff's extraction on September 22, 2010, and advised the plaintiff that the extraction site would not heal until he stopped touching the site with his hands and tongue (*id.*, ex. A8). The plaintiff filed another inmate request for treatment on September 25, 2010, complaining that the dentist had not seen him, accusing defendant Stark of profiling the plaintiff due to the nature of his arrest charges, and demanding that GCDC send him to a "real dentist" (*id.*, ex. A9). Tracy Krein, GCDC's Medical Director, responded to this request, explaining that GCDC had placed the plaintiff on the dental list and that he would be seen by the dentist during the dentist's next scheduled visit at GCDC (*id.*).

Defendant Stark saw the plaintiff again on October 6, 2010, after reviewing a postextraction x-ray taken of the plaintiff's jaw (*id.*, ex. A10). The x-ray showed that no tooth fragments were left after the extraction and that the bone that the plaintiff continued to dig at inside the extraction hole was actually part of the tooth socket – specifically, the wall of the hole left in the jaw after the tooth had been removed (*id.*). Defendant Stark tried to explain this to the plaintiff, but the plaintiff continued to insist that the bony material he was scratching with his fingernail was a broken tooth fragment (*id.*). The plaintiff was instructed to leave the site alone to allow it to heal. The plaintiff sought no further treatment related to the tooth extraction.

In addition to his memorandum in opposition to the motion for summary judgment, the plaintiff submitted a "motion to present evidence." That motion was accompanied by several exhibits. The first exhibit is an inmate request form in which the plaintiff requested the name of the dentist who removed his tooth. The response from the

3

GCDC was that the dentist's name was "Robert Stark" (doc. 52-1). The second exhibit is two USM-285 forms in which the plaintiff claims he was given the wrong name of the dentist as "Stroud" (pl. m. to present evidence at 2). The third exhibit consists of an envelope containing what the plaintiff claims are fragments of "the broken tooth the plaintiff had to remove himself that Mr. Stark refused to see" (*id.*).

***Motion to Present Evidence***

The plaintiff states that his motion to present evidence is brought under Federal Rule of Civil Procedure 36. He asks the court "for admission to present evidence, exhibits, material-facts, to what is relevant portion of the discovery and material that shall be filed with this court"(*id.* at 1). The plaintiff misunderstands the rule. Rule 36 outlines the procedure for a party to serve requests for admission on another party as a part of the discovery process. However, this court has considered the evidence submitted by the plaintiff in accordance with Rule 56, which governs summary judgment motions. See Fed.R.Civ.P. 56(c)(1). Accordingly, the motion to present evidence is denied as moot.

***Motion for Summary Judgment***

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.1992). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The government is required to provide medical care for incarcerated individuals. *Id.* at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under

42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106. Further, while the Constitution requires a prison to provide detainees with medical care, it does not demand that a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). "[A detainee's] mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); *see also Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985).

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). A medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied,* 500 U.S. 956 (1991). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). *See also Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996) (noting that "the subjective component requires proof of more than mere negligence but less than malice").

Assuming for purposes of this motion that the plaintiff can show a serious medical need, he cannot demonstrate that the defendant was deliberately indifferent to that need. As his medical records show, GCDC medical personnel provided the plaintiff with continuous care and evaluation of his tooth complaints. GCDC responded to the plaintiff's

first request for dental treatment by prescribing ibuprofen for him and placing him on the dental list, although the plaintiff was a "no show" at medicine call each day prior to his appointment with the dentist (def. m.s.j., ex. A2, A3). Within five days of the plaintiff's initial request, defendant Stark removed the tooth about which the plaintiff was complaining (*id.*, ex. A 4). When the plaintiff continued to complain and pick at the extraction site, GCDC personnel prescribed additional courses of ibuprofen and antibiotics for the plaintiff (*id.*, ex. A5). In addition, defendant Stark rechecked the plaintiff, which included a review of a post-extraction x-ray of his mouth, and informed him that contrary to the plaintiff's belief, no tooth fragments remained in the extraction site (*id.*, ex. A10). Despite hearing explanations from GCDC medical staff and defendant Stark that the supposed "tooth fragment" at which the plaintiff continued to scratch and pick following the extraction was actually bone that was supposed to remain in his mouth, the plaintiff refused to accept these conclusions and discontinued any additional dental treatment, opting to sue instead (*id.*).

As argued by the defendant, the plaintiff's issue appears to be that he disagrees with the conclusions and recommended course of treatment made by the defendant. Since a disagreement between an inmate and a dentist concerning the appropriate course of treatment cannot serve as a basis for liability under Section 1983, the plaintiff's case fails as a matter of law. *See Jackson*, 846 F.2d at 817. Accordingly, the plaintiff has failed to present any evidence from which a reasonable finder of fact could conclude that he was the victim of deliberate indifference and, accordingly, summary judgment in favor of defendant Stark is warranted.

***State Law Claims***

Having found that the defendant is entitled to summary judgment regarding the plaintiff's constitutional claim, it is recommended that the court decline to exercise supplemental jurisdiction over any claims for relief asserted pursuant to state law. *See* 28 U.S.C. § 1367(c).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the plaintiff's motion to present evidence (doc. 52) is denied as moot, and this court recommends that the defendant's motion for summary judgment (doc. 41) be granted.

s/ Kevin F. McDonald
United States Magistrate Judge

September 27, 2011
Greenville, South Carolina