IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Marshall Dewitt McGaha,<br><br>     Plaintiff,<br><br>  vs.<br><br>Dentist Stark,<br><br>     Defendant. | Civil Action No. 6:10-cv-2789-RMG-KFM<br><br>**AMENDED**<br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the defendant's[1] motion for summary judgment (doc. 41). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights were violated while he was a detainee at the Greenville County Detention Center ("GCDC"). Specifically, he seeks money damages for alleged deliberate indifference to his serious medical needs by defendant Stark, a dentist working under contract with Greenville County.

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## PROCEDURAL HISTORY

    Defendant Dr. Stark filed a motion for summary judgment on March 9, 2011. By order filed on that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his

---

[1] The other named defendants were summarily dismissed without issuance of process by the Honorable Richard M. Gergel, United States District Judge, on March 9, 2011.

response in opposition to the defendants' motion for summary judgment on March 24, 2011. This court issued a report recommending that the summary judgment motion be granted on September 27, 2011. The Honorable Richard M. Gergel, United States District Judge, did not adopt the recommendation, and remanded the case to the undersigned on October 21, 2011, to give the plaintiff a reasonable period of time to pursue discovery, based upon the plaintiff's objections to the report in which he stated that he had been denied discovery to which he was entitled. On October 24, 2011, this court ordered that the plaintiff had until December 16, 2011, to conduct discovery and until January 2, 2012, to file an amended response in opposition to the motion for summary judgment.

On December 1, 2011, this court denied the plaintiff's motions for subpoenas, in which he sought, among other things, to subpoena videotapes of certain areas of the GCDC. This court directed defense counsel to inform the court whether or not the requested photographs and/or video from cameras at the GCDC for the requested dates were available. On December 8, 2011, defense counsel notified the court that the requested video was no longer available (doc. 84). In the motions for subpoenas, the plaintiff also sought to subpoena electronically stored medical records in the GCDC's computers. This court denied that request but directed the defendant to provide the plaintiff with his complete medical file, including medical requests, from the GCDC for the time period beginning August 15, 2010, until the plaintiff was transferred to McCormick Correctional Institution (doc. 81).

On December 12, 2011, the plaintiff filed a motion for extension of discovery (doc. 86) to allow him to have a data recovery technician recover all of his medical information from the GCDC's computers. Also on December 12th, the plaintiff filed a motion to compel (doc. 87) the production of the electronically stored information (doc. 87). On that same date, he filed a motion "for enlargement of time for completion of med. computer information" (doc. 88). The plaintiff's request to subpoena his electronically stored medical

records from the GCDC had been previously denied as discussed above. While the plaintiff claimed that the medical records filed with the defendant's summary judgment motion were altered, he provided the court with nothing more than a baseless allegation to support this contention. Furthermore, according to defense counsel, he provided all of the plaintiff's GCDC medical records in his possession to the plaintiff on January 3, 2012. Defense counsel stated that he believed that the documents he provided constituted the plaintiff's entire medical file, but he had not yet confirmed with the GCDC that this was so (doc. 90).

Accordingly, on January 6, 2012, this court directed defense counsel to confirm to the court by January 13, 2012, that the plaintiff had been provided with his complete medical file, including medical requests, from the GCDC for the time period beginning August 15, 2010, until the plaintiff was transferred to McCormick Correctional Institution. On January 13, 2012, defense counsel confirmed that the records had been provided to the plaintiff as directed by the court (doc. 96). Also on January 6, 2012, this court denied (doc. 92) the plaintiff's motions regarding the electronically stored medical records (docs. 86, 87, 88). As the plaintiff had only recently received his medical file from the defendant, the court extended his time for filing an amended response in opposition to the defendant's motion for summary judgment until January 20, 2012.

The plaintiff filed his amended response on January 11, 2012 (doc. 95)[2], and the defendant filed a reply on January 23, 2012 (doc. 98). Accordingly, the motion is now ripe for consideration by this court.

### **FACTS PRESENTED**

The plaintiff is a detainee at the GCDC being held because of his arrest on August 15, 2010, for criminal sexual conduct with a minor under the age of 11, lewd act

---

[2]On December 14, 2011, the plaintiff filed a "motion to amended response in opposition to motion for summary judgment and rule for reversal of summary judgment for plaintiff" (doc. 89). This document also appears to be an amended response to the pending motion for summary judgment and has been so considered by this court.

3

committed on a minor under the age of 16, and child neglect by a legal custodian (def. m.s.j., ex. A1). On September 3, 2010, the plaintiff submitted an Inmate Request Form asking GCDC to address a toothache that he had developed (*id.*, ex. A2). GCDC personnel placed the plaintiff on the dental treatment list and initiated the pre-dental protocol of offering the plaintiff a course of ibuprofen prior to his visit with the dentist (*id.*). However, despite his complaint of pain, medical records show the plaintiff was a "no show" at medicine call each day prior to his appointment with the dentist (*id.*, ex. A3).

On September 8, 2010, Dr. Stark, a dentist working under contract with Greenville County, extracted the plaintiff's tooth (*id.*, ex. A4). Dr. Stark also prescribed a course of ibuprofen for the plaintiff for post-extraction pain and inflammation (*id.*).

On September 14, 2010, the plaintiff submitted another request form, complaining that he was experiencing pain from the tooth extraction and claiming that Dr. Stark had "left a large piece of tooth in [his] gum" (*id.*, ex. A5). GCDC personnel responded by prescribing an additional seven-day course of ibuprofen and a seven day course of an antibiotic (*id.*). In addition, GCDC personnel placed the plaintiff back on the dental list (*id.*).

The plaintiff filed another dental request on September 17, 2010, complaining again that Dr. Stark had left a piece of tooth in his gum and requesting an immediate appointment because of the pain and his fear of infection (*id.*, ex. A6). GCDC personnel responded by noting that he was on the dental list to be seen by the dentist (*id.*). The plaintiff filed a grievance on September 18, 2010, complaining that he needed to see a doctor (*id.*, ex. A7). The GCDC responded by noting that the plaintiff was on the dental list (*id.*).

GCDC medical personnel checked the plaintiff's extraction on September 22, 2010, and advised the plaintiff that the extraction site would not heal until he stopped touching the site with his hands and tongue (*id.*, ex. A8). The plaintiff filed another inmate

request for treatment on September 25, 2010, complaining that the dentist had not seen him, accusing Dr. Stark of profiling the plaintiff due to the nature of his arrest charges, and demanding that GCDC send him to a "real dentist" (*id.*, ex. A9). Tracy Krein, GCDC's Medical Director, responded to this request, explaining that GCDC had placed the plaintiff on the dental list and that he would be seen by the dentist during the dentist's next scheduled visit at GCDC (*id.*).

A physician order dated October 4, 2010, notes that the plaintiff had been feeling the edge of the extraction site where the tooth was removed. It was further noted that no visible tooth was left in the socket, and the plaintiff was feeling bone (*id.*, ex. A10). Dr. Stark's progress note dated October 6, 2010, states that a post-extraction x-ray taken of the plaintiff's jaw showed that no tooth fragments were left after the extraction and that the bone that the plaintiff continued to dig at inside the extraction hole was actually part of the tooth socket – specifically, the wall of the hole left in the jaw after the tooth had been removed (*id.*). The plaintiff sought no further treatment related to the tooth extraction.

As an exhibit to his response in opposition to the motion for summary judgment, the plaintiff submitted two affidavits. Gary Thompson stated in his affidavit that the plaintiff had to remove the broken tooth that the defendant left in his gum. He further stated that the plaintiff tried to get the dentist's name for three months, and he was given the wrong name by former defendant Krein. Steve Davis stated in his affidavit that the plaintiff removed the broken tooth on October 2, 2010, with a sharpened comb (doc. 95-3). The plaintiff also submitted inmate requests and medical forms as exhibits (doc. 95-1). In addition, the plaintiff has previously submitted an envelope[3] (doc. 52) containing what the plaintiff claimed were fragments of "the broken tooth the plaintiff had to remove himself that Mr. Stark refused to see."

---

[3] At the plaintiff's request (doc. 73), the unopened envelope was returned to the plaintiff on December 1, 2011 (doc. 81).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.1992). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The government is required to provide medical care for incarcerated individuals. *Id.* at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106. Further, while the Constitution requires a prison to provide detainees with medical care, it does not demand that a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). "[A detainee's] mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); *see also Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged.").

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). "A medical need is 'serious' if it

7

is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990) (citation omitted). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). *See also Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996) (noting that "the subjective component requires proof of more than mere negligence but less than malice").

In both of his amended responses to the motion for summary judgment (docs. 89, 95), the plaintiff argues that the motion for summary judgment should be denied for discovery abuse. This argument is without merit. The defendant is a dentist who maintains a private practice and provides dental care to inmates at the GCDC on a contract basis. While Dr. Stark is not an employee of Greenville County and does not maintain or have control of the medical records of inmates, this court nonetheless directed Dr. Stark's counsel to ensure that the plaintiff was provided with his full medical file, which counsel did. Further, with regard to the plaintiff's request to subpoena videotapes from certain cameras at the GCDC, Dr. Stark's counsel inquired and provided the court with a statement from James Dorriety, Assistant County Administrator and Director of Public Safety for Greenville County, that the tapes from the requested periods of time had been recorded over (doc. 84). Accordingly, the requested subpoenas would be of no value to the plaintiff. The defendant has responded to all discovery requests served upon him (*see* def. reply at 2-5, doc. 98). Furthermore, this court has ensured that the plaintiff received all relevant, discoverable materials from the defendant.

The plaintiff's claim of Dr. Stark's deliberate indifference to a serious medical need fails on the merits. Assuming for purposes of this motion that the plaintiff can show a serious medical need, he cannot demonstrate that the defendant was deliberately

indifferent to that need. As his medical records show, GCDC medical personnel provided the plaintiff with continuous care and evaluation of his tooth complaints. GCDC responded to the plaintiff's first request for dental treatment by prescribing ibuprofen for him and placing him on the dental list (def. m.s.j., ex. A2, A3, doc. 41). Within five days of the plaintiff's initial request, Dr. Stark removed the tooth about which the plaintiff was complaining (*id.*, ex. A 4). When the plaintiff continued to complain and pick at the extraction site, GCDC personnel prescribed additional courses of ibuprofen and antibiotics for the plaintiff (*id.*, ex. A5). In addition, Dr. Stark performed a post-extraction x-ray of the plaintiff's mouth and found that no tooth fragments remained in the extraction site (*id.*, ex. A10). Despite hearing explanations from GCDC medical staff and Dr. Stark that the supposed "tooth fragment" at which the plaintiff continued to scratch and pick following the extraction was actually bone that was supposed to remain in his mouth, the plaintiff refused to accept these conclusions and discontinued any additional dental treatment, opting to sue instead (*id.*). The plaintiff has presented absolutely no evidence that a tooth fragment was left inside the socket.

As argued by the defendant, the plaintiff's issue appears to be that he disagrees with the conclusions and recommended course of treatment made by the defendant. Since a disagreement between an inmate and a dentist concerning the appropriate course of treatment cannot serve as a basis for liability under Section 1983, the plaintiff's case fails as a matter of law. The plaintiff has failed to present any evidence from which a reasonable finder of fact could conclude that the defendant was deliberately indifferent to his serious medical needs. Accordingly, summary judgment in favor of Dr. Stark is warranted.

Having found that the defendant is entitled to summary judgment regarding the plaintiff's constitutional claim, it is recommended that the court decline to exercise

supplemental jurisdiction over any claims for relief asserted pursuant to state law. *See* 28 U.S.C. § 1367(c).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendant's motion for summary judgment (doc. 41) be granted.

s/ Kevin F. McDonald  
United States Magistrate Judge

January 26, 2012  
Greenville, South Carolina