IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marshall Dewitt McGaha, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Dentist Stark, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No.: 6:10-cv-2789-RMG <br><br> **ORDER** |

In this case, Plaintiff, who is a state prisoner proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On March 9, 2011, Defendant filed a motion for summary judgment. (Dkt. No. 41). On March 24, 2011, Plaintiff filed a Response in opposition to Defendant's motion for summary judgment. (Dkt. No. 50). On September 27, 2011, the Magistrate Judge issued a Report and Recommendation recommending that Defendant's motion for summary judgment be granted. (Dkt. No. 54). On October 11, 2011, Plaintiff filed objections to the Report and Recommendation, arguing that Plaintiff would be able to create a genuine issue of material fact if the Court would allow Plaintiff to conduct certain discovery. (Dkt. No. 62). On October 21, 2011, this Court issued an Order refusing to adopt the Magistrate's Report and Recommendation, remanding the case back to the Magistrate, and instructing the Magistrate to give Plaintiff the opportunity to conduct discovery before issuing another Report and Recommendation regarding Defendant's motion for summary judgment. (Dkt. No. 64).

After the Court's original Order refusing to grant summary judgment, the Magistrate Judge ordered Defendant to provide Plaintiff with his complete medical file from the Greenville

1

County Detention Center ("GCDC") for the relevant time period. (Dkt. No. 81 at 3). On January 3, 2012, Defendant represented to the Court that he believed he had provided Plaintiff with his entire medical file. (Dkt. No. 90). Further, on January 13, 2012, Defendant certified that he had provided Plaintiff with his medical file. (Dkt. No. 96). The Magistrate also ordered Defendant to determine whether the security videos and photographs from the GCDC which Plaintiff had attempted to subpoena[1] were available. (Dkt. No. 81 at 3). On December 8, 2011, Plaintiff filed a response to the Court's order and confirmed that the requested security videos and photographs were no longer available because the relevant events occurred so long ago. (Dkt. No. 84). On January 11, 2012, after Defendant had an opportunity to review the additional documents produced by Plaintiff, Defendant filed a renewed Response in opposition to Plaintiff's motion for summary judgment. (Dkt. No. 95). Plaintiff filed a Reply in support of his motion for summary judgment. (Dkt. No. 98). On January 26, 2012, the Magistrate issued a Report and Recommendation recommending that Defendant's motion for summary judgment be granted. (Dkt. No. 100). On February 2, 2012, Plaintiff filed his objections to the Report and Recommendation (Dkt. No. 103), and on February 3, 2012, Defendant filed his Reply. (Dkt. No. 105). Having reviewed the record and the applicable law, the Court now adopts the Magistrate's Report and Recommendation (Dkt. No. 100) in its entirety as the Order of this Court.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a

---

[1] Plaintiff has complained that Defendant should have produced these videos and photographs long ago. However, Defendant is an independent contractor and is not an employee of Greenville County Detention Center. Thus, the videos and photographs requested by Plaintiff were not in Plaintiff's control.

2

*de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Upon reviewing the record, this Court agrees with, and wholly adopts, the findings and recommendations of the Magistrate Judge. Because this case is before the Court on Defendant's motion for summary judgment, Defendant has the burden of establishing that there is no genuine dispute as to any material fact and that Defendant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Further, the Court must construe all inferences and ambiguities against Defendant and in favor of Plaintiff. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The Court finds that Defendant has established that there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law.

In this case, Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 against Defendant, alleging that Defendant was deliberately indifferent to a serious medical need. Specifically, Plaintiff alleges that Defendant, as a dentist treating Plaintiff at the GCDC, removed a portion of Plaintiff's tooth, but failed to remove the entire tooth. Plaintiff alleges that, once Plaintiff realized that a portion of his tooth remained in his gum, he complained to Defendant. Plaintiff alleges that Defendant looked at Plaintiff's gum again and said that nothing was wrong, and that when Plaintiff insisted that a portion of the tooth remained in the gum, that Defendant laughed at

Defendant and said to sue him. Plaintiff alleges that he suffered severe pain while a portion of the tooth remained in his gum and that Plaintiff could not eat for a period of time because the pain was so bad. Plaintiff alleges that he eventually removed the remaining portion of the tooth himself but lost a large portion of the tooth in the sink. Plaintiff has sued Defendant for $1,500,000. In response, Defendant has filed an affidavit of Tracy Krein, Medical Administrator for GCDC, and medical records which indicate that Plaintiff received continuous treatment for his tooth problem.

As explained in the Magistrate's Report and Recommendation, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Here, Plaintiff has not alleged anything more than negligence. (*See* Dkt. No. 95 at 6, 8 (Defendant specifically alleging that Plaintiff was negligent)). Even construing all inferences in Plaintiff's favor, the Court finds that Plaintiff has alleged nothing more than a dispute between Plaintiff and Defendant about the appropriate treatment for Plaintiff's tooth. (*Compare* Dkt. No. 1 *with* Dkt. Nos. 41-1, 41-2, and 41-3). Thus, Plaintiff's allegations are insufficient to meet the deliberate indifference standard. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."); *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) ("[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation.") (internal citation omitted); *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical

records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment.").[2]

**Conclusion**

For the foregoing reasons, the Court adopts the Magistrate's Report and Recommendation (Dkt. No. 100) and grants Defendant's motion for summary judgment. Any remaining motions are hereby denied as moot.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

February 14, 2012
Charleston, South Carolina

---

[2] Plaintiff has filed several documents with the Court arguing that Defendant's motion for summary judgment should be denied for discovery abuse. The Court has reviewed the record and agrees with the Magistrate's conclusion that such arguments are meritless, as the Magistrate has ensured that Plaintiff's discovery rights were protected. (*See* Dkt. No. 100 at 8).